UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>) Cause No: 1:17-cr-00182-JMS-01<br>v. )<br>)<br>TYREE J. WHITE, a.k.a. "Maniac" )<br>)<br>Defendant ) | |

**DEFENDANT TYREE WHITE SENTENCING MEMORANDUM**

"You can determine a man's character by knowing five people with whom he spends the most time," J. Harper. Tyree White seeks a fair sentence that is consistent with the factors of 18 U.S.C. § 3553. Mr. White accepted responsibility and pled guilty timely.

I.                                          **The Charges**

*Count 1, 3 & 4*:

*Hobbs Act Robbery 18 U.S.C. § 1951(a)*
*20 years imprisonment/$250,000 fine*
*(Class C Felony)*

*Count 2:*

*Conspiracy to Commit Armed Bank Robbery*
*18 U.S.C. §§ 2113(a) and 371*
*Not more than 25 years imprisonment/$250,000 fine (Class B Felony)*

**Guideline Calculation**

| | |
|---|---|
| Adjusted Base Offense Level Group 1 | 20 |
| Adjusted Base Offense Level Group 2 | 29 |
| Adjusted Base Offense Level Group 3 | 27 |
| Adjusted Base Offense Level Group 4 | 20 |
| Multiple Count Adjustment units | 2 |
| Greater of the Adjusted Offense Levels Above | 29 |
| Increase in Offense Level | 2 |
| Combined Adjusted Offense Level | 31 |
| Acceptance of Responsibility totaled | -3 |
| **Total Offense Level** | **28** |

While the Court must consider the sentencing guideline and statutory minimums, the mandate provided by Title 18, United States Code, Section 3553(a), requires a court to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing: just punishment, retribution, deterrence, and rehabilitation. Goals to be considered while determining the sufficiency of sentencing are:

> (1) The nature and circumstances of the offense and the history and characteristic of the defendant; (2) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) to afford adequate deterrence to criminal conduct; (4) to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct; and (7) to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

## II.     Applying the factors of 18 U.S.C. § 3553 (a) to Tyree White

**A. Tyree's History and Characteristics**

1. **Tyree's childhood and background**

Tyree was born with attention deficit hyperactivity disorder(ADHD), conduct disorder, and depressive disorder not otherwise specified. This certainly curtailed his growth and without being properly diagnosed early and medicated led to a life of making decisions without clearly viewing the consequences of his actions. He is impulsive, explosive, and refuses to view challenges and probable outcomes. His mother was tasked with raising him alone, and she did not live up to her own standards regarding her children. Tyree While loves his mother dearly and notes the many confrontations between them often had alcohol consumption associated with the interaction. Tyree watched and learned dysfunctional behavior which follow him to adulthood.

His father Stacy Brookshire was not present during his formative years as he served a 10 year sentence in federal custody. Hence, his father was unable to assist with mental, physical, and emotional support as he grew from a boy to a teenager. The closest thing he had as a male influence was his maternal grandfather. He passed away around the time Tyree started elementary school. Tyree currently has a pretty good relationship with his father.

Tyree moved to Indianapolis at the start of his teenage years. Prior to Indianapolis, he lived in Gary Indiana in an area commonly called the "Bronx." He described it as gang infested. During his time in Gary Indiana, he started rapping and created a persona by the name of Maniac who wrote fairytale lyrics glorifying negative lifestyle choices in his songs and videos. This followed him to Indianapolis and then to Fort Wayne before returning to Indianapolis to return to living with his mother.

Tyree's parents were never married. He has the following siblings: Carnicia White, age 9, attends school and lives with their mother; Jerrell Kelly, age 18, is imprisoned in the Marion

County Jail on a charge of robbery; Robert White, age 25, works for Best Buy and resides in Gary, Indiana; Richard White, age 22, works in a warehouse and lives in Indianapolis; Stacy Brookshire, Jr., now age 23, is a warehouse worker in Indianapolis; and Sade Brookshire passed away in 2006, at the age of 28, from an "accidental shooting." he also has two paternal siblings: Meffiah, age 2, and a child who was born while the he has been detained on this case.

Tyree has one child, Tyree Jerome White Jr., age 3, who was living with Tyree full time until his arrest. The child currently lives with his mother Maireana Maxey. Tyree and those around him described him as loving father who spent a ton of time with his son. His son is his pride and joy and the one person he will miss most during his period of incarceration. Tyree and Ms. Maxey were never married to each other.

Tyree abused substances, specifically he drank alcohol, smoked marijuana and used MDMA (Molly). He started abusing drugs at age 14, and continued until his arrest. He indicated he consumed a pint of liquor every other day, smokes somewhere between three and five joints, and two grams of molly weekly. The synergistic effect of these drugs along with his untreated ADHD made for an environment of poor decisions with life choices.

Mr. White had three juvenile adjudications, and six adult cases. As a juvenile he was arrested eight additional times and six as an adult. His additional arrest all revolved around his impulsive conduct and for whatever reason the matters were all either dismissed or resolved short of a conviction. The same would hold true for the adult charges. The important thing to note is that by the age of twenty-three, Tyree had come in contact with the justice system twenty-three times. The total number of days he spent incarcerated as a result of his conduct was 56 days along with a failed attempt at home detention on community corrections. While he did

spend additional time in custody, those days were from not following the rules set originally. Further, the Magistrate in this case concluded he failed to appear for court about 13 times.

The table below illustrates the maximum incarceration time compared to the actual time Mr. White served for his past offenses. Additionally, the bottom portion of the table shows prior contact with law enforcement and the criminal justice system. Tyree spent 2.5% of the potential maximum time in custody for his past crimes.

| Date | Status | Arrest | Max Days | Days in Custody | Revoked Days in Custody |
|---|---|---|---|---|---|
| 10/31/2011 | Juvenile | Resisting Law Enforcement | | 0 | |
| 11/12/2011 | Juvenile | Conversion | | 0 | |
| 11/17/2011 | Juvenile | Resisting Law Enforcement | | 0 | |
| 09/25/2012 | Adult | Criminal Conversion | 365 | 4 | |
| 05/19/2013 | Adult | Dealing in Marijuana | 365 | 4 | |
| 01/02/2014 | Adult | Resisting Law Enforcement | 365 | 2 | |
| 07/17/2015 | Adult | Battery | 365 | 44 | 20 |
| 01/22/2016 | Adult | Operating a Vehicle without ever receiving a license | 365 | 2 | |
| 04/15/2016 | Adult | Invasion of Privacy, assigned to Community Corrections | 365 | | 33 |
| | | Total | 2190 | 56 | 53 |
| _____ | _____ | _____ | _____ | ____ | _____ |
| 07/09/2017 | Adult | Pending Criminal Recklessness | Pending | | |
| 04/21/2008 | Juvenile | Theft, | No Action | | |
| 10/19/2008 | Juvenile | Criminal Reckless | Dismissed | | |
| 02/25/2011 | Juvenile | Battery | Not Prosecuted | | |
| 4/17/2011 | Juvenile | Resisting Law Enforcement | Not Prosecuted | | |
| 09/17/2011 | Juvenile | Disorderly Conduct | Intervention | | |

| | | | |
|---|---|---|---|
| 10/12/2011 | Juvenile | Criminal Gang Activity, Theft, and RLE | Not Prosecuted |
| 04/17/2012 | Juvenile | Disorderly Conduct | No Action |
| 07/22/2012 | Juvenile | Disorderly Conduct | No Action |
| 02/21/2014 | Adult | Driving while Suspended | Dismissed |
| 05/05/2014 | Adult | Driving while Suspended | Dismissed |
| 09/02/2016 | Adult | Driving while Suspended, Operating without ever receiving a license | Dismissed |
| 10/02/2016 | Adult | Resisting Law Enforcement | Dismissed |
| 12/31/2016 | Adult | Driving while Suspended | Dismissed |

2. **Education and Employment**

Tyree attended Arsenal Technical High School for approximately one year and did not recall if he earned any credits. He stopped attending school simply because that was his choice. A closer review of the information indicated that Tyree was extremely far behind his peers. He lacked motivation, and did not see the point in school. So, somewhere during his sophomore year he stopped attending classes and quit. He has no vocational training, and he has no special certificates. Since his incarceration he has indicated that he would like to obtain his G.E.D. His mother indicated to me that Tyree did not have anyone to hold him accountable and press him to complete his education. He is a bright young man, with a ton of potential.

B.     **The Nature and Circumstances of the Offense**

Tyree is admitted to being involved in 4 armed robberies; although he never entered a store or participated in the actual robbery. The group robbed cell phone stores and sold the phones to vendors at the Lafayette Square Mall stores for a very nice profit. The bank robbery

6

was a bold attempt to get cash directly but the plan failed as a dye pack was placed inside the money bag, and it exploded.

**C.      The Need for the Sentence Imposed**

**1. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

In considering an adequate sentence imposed on a Defendant, the Court should look at the applicable suggested penalty range for the crime. In this case, his range of punishment is 97 months to 121 months. A sentence at, near or below that range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Tyree appreciates the seriousness of the sentence that he faces, and has learned from his mistakes and experience.

**2. To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes**

For a defendant such as Tyree, a sentence below or within the range would be adequate to remind Tyree that his behaviors are harmful to the community and the very nature of the law set in place to protect the community from anti-social behaviors.

A sentence below or within the range would afford adequate deterrence from criminal conduct of similarly situated people within the community, while protecting the public from any

7

further crimes.

The sentencing range would place Tyree somewhere close to the age of 40 years at the time of his release. Statistics and data analysis support sentencing Tyree to below or within the guideline range. Researchers have consistently found that age is one of the most significant predictors of criminality, with criminal or delinquent activity peaking in late adolescence or early adulthood and decreasing as the person ages.[1] Older offenders are less likely to commit additional crimes after their release than younger offenders.[2] Studies of parole violations also decreases with age, with older parolees the least likely group to be re-incarcerated.[3] A 1998 study found that only 3.2% of offenders 55 and older returned to prison within a year or release compared with 45 percent of offenders 18 to 29 years old.[4] A 2004 analysis of people sentenced under federal sentencing guidelines found that within two years of release the recidivism rate among offender older than 50 was only 9.5% compared with a rate of 35.5% among offenders

---

[1] Tina Chiu, It's About Time – Aging Prisoners, Increasing Costs, and Geriatric Release, Center on Sentencing and Correction, April 2010 at p. 5

[2] Darrell J. Steffenmesier et al, Age and the Distribution of Crime American Journal of Sociology, 94(4), 803-831 (1989).

[3] Brie Williams and Rita Abradles, "Growing Older: Challenges of Prison and Reetnry for the Aging Population," in *Public Health Behind Bars: From Prisons to Communities*, edited Tyree B. Greifinger (New York, NY: Springer 2007).

[4] Barry Holman, Nusing Homes Behind Bars: The Elderly in Prison" *Coalition for Federal Sentencing Reform*, 2(1), 1-2 (1998). See also Robyn L. Cohen *Probation and Parole Violators in State Prison*, 1991 (Washington, DC: Bureau of Justice Statistics, 1995).

younger than 21.[5]

It is also important to note how expensive it is to imprison older offenders. When Comparing younger peers, older inmates have higher rates of both mild and serious health conditions, such as gross functional disabilities and impaired movement, mental illness, increased risk of major diseases, and a heightened need for assistance with daily living activities.[6] Hearing loss, vision problems, arthritis, hypertension, and dementia are all more common among older inmates. Consequently, according to a 2004 report from the National Institute of Corrections, the annual cost to imprison an older person was an estimated $72,000 compared to $24,000 to house a younger prisoner.[7] Significantly, these cost numbers are over a decade old and healthcare costs increase faster than inflation making the actual cost at the time that Tyree will have served substantially higher. The low risk of Tyree committing another crime when he is released around the age of 40 combined with the high cost of incarceration support giving Tyree lower sentence.

**3.     To Provide Tyree with the Needed Education and Vocational Training, and other Correctional Treatment in the Most Effective Manner.**

---

[5] United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (May 2004).

[6] Tina Chiu, It's About Time – Aging Prisoners, Increaseing Costs, and Geriatric Release, Center on Sentencing and Correction, April 2010 at p. 5

[7] B. jaye Anno et al., *Correctional Health Care: Addressing the Needs of the Elderly, Chronically Ill, and Terminally Ill Inmates* (Washington, DC: U.S. Department of Justice, National Institute of Corrections, 2004).

If the Court sentences Tyree to a sentence of 8 years, then he will have the opportunity to get the needed educational and vocational training, mental health care, and other correctional treatment needed to prepare Tyree for rehabilitation and maintenance upon release.

Tyree acknowledges the seriousness of the offense for which he is pleading guilty. He intends to take advantage of every learning and growing opportunity that he will be provided while incarcerated. It is important to note that if provided the adequate educational and vocational training, inmates are less likely to recidivate upon release. If provided an opportunity to learn the proper vocational and social techniques, Tyree will be less likely to recidivate.

In his article *Educated Prisoners are Less Likely to Return to Prison*, James S. Vacca suggests that, "prisoners who attend education programs while in prison are less likely to return upon release." James S. Vacca, *Educated Prisoners are Less Likely to Return to Prison*, Vol. 55, No. 4 The Journal of Correctional Education, 297 (2004), available at <http://www.jstor.org/stable/23292095>. While the academic aspect of the educational programs is important, the key is added education that must include social and vocational training. Vacca states that "[e]ffective education programs are those that help prisoners with their social skills, artistic development and techniques, and strategies to help them deal with their emotions…[t]he inmates who participate in these programs do so because they see clear opportunities to improve their capabilities for employment after being released." *Id*.

**III. Conclusion**

Tyree is before this Court because he has never faced any real consequences for his dysfunctional criminal behavior. He comes in contact with the criminal justice system twenty-

three times in the state justice system; so, in his mind why would this time be any different. Unfortunately for him, the guidelines are very clear on the probable punishment and he does not have the wide negotiating range he possessed in all his prior state cases. Tyree White is a young, uneducated person who has not meaningfully contributed to his community. He is just like any other young person his age in making irrational decisions. He cannot see the disconnect for many reason starting with his mental health, then his self medication. A male brain is not fully developed until much later in life. When you start behind, refuse your medication, and bombard your body with chemicals that are harmful, you get this result.

This arrest and conviction marks an opportunity for him to slow down, get an education, proper mental health treatment and a solid path for a bright future. We do not know his potential, or untapped skills because he's spent his entire life chasing the wrong people doing dysfunctional things. The state of Indiana is not to blame for the decisions Tyree made along the way, but they did not offer the kind of rehabilitation the federal system offers to people incarcerated. Tyree will be able to complete his education, and obtain a vocational skill that will allow employers to seek his skills and give him a chance to earn a living that will provide for Tyre senior and junior.

After consideration of all of these factors, Tyree asks the Court to consider a sentence that is long enough to get him the help he needs. A sentence that is sufficient, but not greater than necessary to comply with the purposes set for in 18 USC § 3553.

Respectfully submitted,


___/s/_ Kenneth L Riggins_
Kenneth L. Riggins #21384-49
1512 North Delaware Street
Indianapolis, Indiana 46202
Telephone:   (317) 413-5931
Computer: Kennethriggins@yahoo.com


**Certificate of Service**

    I hereby certify that on this   19th day of April, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Matthew J. Lasher
OFFICE OF THE UNITED STATES ATTORNEY
Matthew.lasher@usdoj.gov


___/s/_ Kenneth L Riggins_
Kenneth L. Riggins