UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00182-JPH-TAB |
| | ) | |
| TYREE J. WHITE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant filed a motion seeking compassionate release. Dkt. 123. He seeks immediate release from incarceration at FCI Butner Medium II because of the COVID-19 pandemic. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he has various medical conditions that place him at risk of having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being infected while incarcerated. *See* dkt. 139.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Ultimately, however, "[t]he movant bears

the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Recently, the Seventh Circuit held that COVID-19 could not be deemed an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id*.

As of September 20, 2021, the Bureau of Prisons ("BOP") reports that nearly 80% of the inmates at FCC Butner—the larger complex of which FCI Butner Medium II is a part—have been fully inoculated against COVID-19.[1] The BOP's efforts at controlling the virus also seem to be meeting with some success.  As of September 20, 2021, the BOP reports that FCI Butner Medium II has no current active cases of COVID-19 among inmates.[2]

Given these facts and the reasoning of *Broadfield*, it appears to the Court that the COVID-19 pandemic no longer creates an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Accordingly, within **30 days of the date of this Order** Defendant shall **show cause** why his motion for compassionate release should not be denied because the COVID-19

---

[1] *See* https://www.bop.gov/coronavirus/ (last visited Sept. 20, 2021) (reporting that 2,789 inmates at FCC Butner have been fully inoculated against COVID-19); *see* https://www.bop.gov/mobile/about/population_statistics.jsp (last visited Sept. 20, 2021) (reporting that, as of September 1, 2021, 3,517 inmates are housed at FCC Butner).

[2] *See* https://www.bop.gov/coronavirus/ (last visited Sept. 20, 2021).

pandemic no longer presents an extraordinary and compelling reason for his release. In responding, Defendant must explain: (1) whether he has received the COVID-19 vaccine; (2) if he has not received the COVID-19 vaccine, whether he has been offered the vaccine and refused it; and (3) if he has refused the COVID-19 vaccine, he must explain why. Any explanation of the reason Defendant refused the COVID-19 vaccine must be supported by admissible evidence (such as an affidavit or declaration under penalty of perjury).

**If Defendant fails to respond as required by this Order, the Court will deem his motion abandoned and deny it without prejudice.**

**SO ORDERED.**

Date: 10/21/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Tyree J. White
Reg. No. 15959-028
FCI Butner Medium II
Federal Correctional Institution
P.O. Box 1500
Butner, NC 27509