UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-182-JPH-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TYREE J. WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00182-JPH-TAB |
| ) | |
| TYREE J. WHITE, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Tyree White seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. White's motion is **denied**.

**I. Background**

In 2017, Mr. White pled guilty to three counts of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a), and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 371. Dkts. 50, 61. According to the presentence investigation report, Mr. White was part of a group of individuals who attempted to rob various cell phone stores and a bank in Indianapolis over the course of several months. Dkt. 53. In 2018, the Court sentenced Mr. White to an aggregate term of 108 months of imprisonment and 3 years of supervised release.[1] Dkt. 61.

Mr. White initially filed his motion for compassionate release pro se. Dkt. 123. The Court appointed counsel, dkt. 125, but counsel withdrew before filing any substantive submissions on his

---

[1] Mr. White currently has a direct appeal pending before the Seventh Circuit. *See United States v. White*, No. 21-2296 (7th Cir. 2021). The Court nevertheless has jurisdiction to deny his compassionate release motion. *See United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) ("Thus, even though Barrett's direct criminal appeal was pending before us, the district court had jurisdiction to deny his compassionate-release motion"); *see also* Fed. R. Crim. P. 37(a); *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020).

2

behalf, dkts. 136, 137. The Court advised Mr. White that he should file a supplement to his motion, and Mr. White complied. Dkt. 139. In his submissions, Mr. White argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (asthma, attention deficient disorder and depression), and because he has substantially rehabilitated himself in prison. Thereafter, the Court required Mr. White to show cause why recent Seventh Circuit caselaw did not foreclose his argument that the risk of COVID-19 could be an extraordinary and compelling reason for compassionate release. Dkt. 141. Mr. White responded, arguing that while he is now fully vaccinated, COVID-19 still remains a risk for him due to the possibility of breakthrough infections and variants. Dkt. 142. The United States filed a brief in opposition, dkt. 144, and Mr. White filed a reply, dkt. 148. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. White's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions and ethnicity—is not an

3

extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. White is fully vaccinated, dkt. 148 at 1, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. White "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. White has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A).[2] *Barbee*, 25 F.4th at 533.

Mr. White also generally complains about the handling of the COVID-19 pandemic by the prison. Dkt. 139 at 6.  Such allegations might form the basis for relief in a civil suit filed in Mr.

---

[2] Mr. White expresses concern about studies that suggest that the vaccines have reduced protection against symptomatic infection for new variants such as Delta. Dkt. 142 at 2. While vaccines may not be as effective in preventing COVID-19 *infections* from new variants, the vaccines have remained protective against severe illness which is the primary consideration when determining whether a defendant has established an extraordinary and compelling reason for release. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing infection from these variants") (last visited Sept. 26, 2022). Moreover, the BOP has "offered booster shots [to inmates] in accordance with CDC guidance," *see* https://www.bop.gov/coronavirus/ (last visited Sept. 26, 2022), which should address Mr. White's concerns about any waning protection against infection.

White's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

That leaves Mr. White with one potentially extraordinary and compelling reason for release—his rehabilitation. While the strides Mr. White has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."). The Court does not find that Mr. White's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Given the determination that Mr. White has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. White's motion for compassionate release, dkt. [123], is **denied**.

**SO ORDERED.**

Date: 10/6/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Tyree J. White
Reg. No. 15959-028
FCI Butner Medium II
Federal Correctional Institution
P.O. Box 1500
Butner, NC 27509